FOSTER HOSE SUPPORTER CO. v. THOMAS P. TAYLOR CO.

(Circuit Court, D. Connecticut. July 26, 1911.)

No. 1,261.

PATENTS (§§ 214, 226*)—INFRINGEMENT—EFFECT OF LICENSE.

Where a licensee under a patent, with the knowledge of the licensor, carried on his business and made and sold the patented article through a partnership using his own name, the changing of the partnership into a corporation having the same name, the business, plant, and workmen being the same, and under the direction of the licensee, does not afford ground for the forfeiture of the license, nor render the corporation liable in equity as an infringer of the patent.

[Ed. Note.—For other cases, see Patents, Dec. Dig. §§ 214, 226.]

In Equity. Suit by the Foster Hose Supporter Company against the Thomas P. Taylor Company. On final hearing. Decree for defendant.

J. J. Kennedy, for complainant.
Morris W. Seymour and David S. Day, for defendant.

PLATT, District Judge. This so-called bill in equity, alleging infringement of letters patent No. 638,540, is an old friend with a new face. Thomas P. Taylor, the owner of the property at Bridgeport,. Conn., in which he had manufactured and sold the abdominal pads covered by said patent, was made defendant in a bill in equity in this. court filed May 27, 1907. That bill recited that said Taylor had been licensed under the Young patent, but for failure to pay royalties on: time the owner of the patent had canceled the license, and that therefore his manufacture and sale of the pads since the cancellation constituted an infringement of the complainant's rights. The. court found that the revocation was, under the facts, inoperative, and that Taylor was therefore protected by the license agreement, and the bill was dismissed, with costs. On appeal, this decree was affirmed,. and a writ of certiorari denied by the Supreme Court. Thereafter on. March 10, 1911, the decree of the Circuit Court of Appeals was: made the decree of this court, and costs of both courts taxed against the complainant.

Soon after the filing of the bill alluded to just above, said Taylor,. by articles of incorporation, changed the character of his business from one carried on as a partnership under his own name to a corporation carried on under his own name. The plant was the same; the workmen the same; the business the same. The change was made in a time of business stress, when Mr. Taylor was ill, and was for the single purpose of enlarging his plant, increasing his facilities, and consolidating his indebtedness. It enabled him to do his business more safely, and relieved him of much personal anxiety. He retained his personal license under the Young patent, and continued to render personal accounts for the royalties thereunder.

I am unable to see how this change altered in the least degree the personal relations between the complainant, licensor under the Young patent, and Mr. Taylor, the licensee. Up to the time of the incorporation he was manufacturing and selling the pads through the agency of Thomas P. Taylor, a copartnership. After the incorporation he made and sold them through the agency of the Thomas P. Taylor Corporation. From beginning to end the licensor had the benefit of his personal experience and business acumen. In neither case did Mr. Taylor do the actual manual work, and the licensor did not expect that he would. In both cases the same machines were used; the operators were the same; the location the same; the name, character, experience, and good will the same; the salesmen the same; the bookkeepers the same. The only difference was that Mr.. Taylor by his acts had fortified and strengthed his financial position at home and abroad. This evidence of his sagacity explains to a large. degree the reason for the personal confidence which the licensor reposed in him,.and ought to have brought from complainant congratulation rather than harassment.

The long and short of it is that this is the second attempt of the complainant to avoid a license agreement, which, owing to the changing fortunes of patent litigation respecting the Young patent, has. become to the complainant an unwelcome asset. Time forbids an ex-

tended discussion of the interesting points represented in this case. I am inclined to think that the bill is without merit in law. If there is any merit at all on the law side, it is of a doubly-refined and extra-technical character; and when we depart from the legal viewpoint, and examine the equitable considerations, it has never before been my lot to read the proofs offered to sustain a bill in equity which have so completely stripped it of any reasonable foundation.

Let the bill be dismissed, with costs.